Dismissed and Memorandum Opinion filed December 18, 2008








Dismissed
and Memorandum Opinion filed December 18, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01086-CR

____________

 

LEROY R. JACOBSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
337th District Court

Harris County, Texas

Trial Court Cause No. 428647

 



 

M E M O R A N D U M   O P I N I O N

This
attempted appeal is from an order signed August 27, 2008, denying appellant=s motion for new trial based on newly
discovered evidence filed on August 6, 2008.  A jury convicted appellant of the
offense of burglary of a habitation and on November 14, 1985, sentenced him to
confinement for twenty-two years in the Texas Department of Criminal Justice,
Institutional Division.  








A
defendant=s notice of appeal must be filed within thirty days after sentence is
imposed when the defendant has not filed a motion for new trial.  See Tex. R. App. P. 26.2(a)(1).  If a
timely motion for new trial is filed, a defendant=s notice of appeal must be filed
within ninety days after sentence is imposed.  See Tex. R. App. P. 26.2(a)(2). A notice of
appeal that complies with the requirements of Rule 26 is essential to vest the
court of appeals with jurisdiction.  Slaton v. State, 981 S.W.2d 208,
210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court of
appeals does not obtain jurisdiction to address the merits of the appeal. 
Under those circumstances it can take no action other than to dismiss the
appeal.  Id.

Accordingly,
the appeal is ordered dismissed.[1]

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed , 2008.

Panel consists of Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b).

 









[1]  Only the Texas Court of Criminal Appeals has
jurisdiction over matters related to final post-conviction felony proceedings. 
Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App.
1991) (orig. proceeding).